UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SARETH ROS,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>NANCY A. BERRYHILL, Acting Commissioner of Social Security,<br><br>　　　　　Defendant. | No. 2:15-cv-2389 DB<br><br><br>ORDER |

This social security action was submitted to the court without oral argument for ruling on plaintiff's motion for summary judgment.[1]  Plaintiff argues that the ALJ's treatment of the medical opinion evidence and plaintiff's subjective testimony constituted error.  For the reasons explained below, plaintiff's motion is granted, defendant's cross-motion is denied, the decision of the Commissioner of Social Security ("Commissioner") is reversed, and the matter is remanded for further proceedings consistent with this order.

PROCEDURAL BACKGROUND

In May or June of 2012, plaintiff filed an application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act ("the Act") alleging disability beginning on

---

[1] Both parties have previously consented to Magistrate Judge jurisdiction in this action pursuant to 28 U.S.C. § 636(c).  (See ECF Nos. 6 & 10.)

1

October 10, 2006.  (Transcript ("Tr.") at 13, 129-38.)  Plaintiff's application was denied initially, (id. at 75-79), and upon reconsideration.  (Id. at 80-84.)

  Thereafter, plaintiff requested a hearing which was held before an Administrative Law Judge ("ALJ") on April 8, 2014.  (Id. at 28-47.)  Plaintiff was represented by an attorney and testified at the administrative hearing.  (Id. at 28-29.)  In a decision issued on May 14, 2014, the ALJ found that plaintiff was not disabled.  (Id. at 23.)  The ALJ entered the following findings:

> 1. The claimant has not engaged in Substantial Gainful Activity (SGA) since May 18, 2012, the application date (20 CFR 416.971 *et seq*.).
>
> 2. The claimant has the following severe impairments: Post Traumatic Stress Disorder (PTSD) and Explosive Disorder (20 CFR 416.920(c)).
>
> 3. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.920(d), 416.925 and 416.926).
>
> 4. After careful consideration of the entire record, the undersigned finds that the claimant has the Residual Functional Capacity (RFC) to perform a full range of work at all exertional levels but with the following non-exertional limitations: The claimant is limited to simple work as defined in the Dictionary of Occupational Titles (DOT) as SVP levels 1 and 2, routine, and repetitive tasks with occasional changes in the work setting.  He can have no interaction with the general public.  Work should be isolated, with only occasional supervision.  Work can be around co-workers throughout the day, but with only occasional interaction with co-workers.
>
> 5. The claimant is unable to perform any Past Relevant Work (PRW) (20 CFR 416.965).
>
> 6. The claimant was born on December 4, 1958 and was 53 years old, which is defined as an individual closely approaching advanced age, on the date the application was filed (20 CFR 416.963).
>
> 7. The claimant is not able to communicate in English, and is considered in the same way as an individual who is illiterate in English (20 CFR 416.964).
>
> 8. Transferability of job skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

////

> 9. Considering the claimant's age, education, work experience, and Residual Functional Capacity (RFC), there are jobs that exist in significant numbers in the National Economy that the claimant can perform (20 CFR 416.969 and 416.969(a)).
>
> 10. The claimant has not been under a disability, as defined in the Social Security Act, since May 18, 2012, the date the application was filed (20 CFR 416.920(g)).

(Id. at 15-22.)

On October 6, 2015 the Appeals Council denied plaintiff's request for review of the ALJ's May 14, 2014 decision. (Id. at 1-3.) Plaintiff sought judicial review pursuant to 42 U.S.C. § 405(g) by filing the complaint in this action on November 17, 2015. (ECF No. 1.)

## LEGAL STANDARD

"The district court reviews the Commissioner's final decision for substantial evidence, and the Commissioner's decision will be disturbed only if it is not supported by substantial evidence or is based on legal error." Hill v. Astrue, 698 F.3d 1153, 1158-59 (9th Cir. 2012). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Osenbrock v. Apfel, 240 F.3d 1157, 1162 (9th Cir. 2001); Sandgathe v. Chater, 108 F.3d 978, 980 (9th Cir. 1997).

"[A] reviewing court must consider the entire record as a whole and may not affirm simply by isolating a 'specific quantum of supporting evidence.'" Robbins v. Soc. Sec. Admin., 466 F.3d 880, 882 (9th Cir. 2006) (quoting Hammock v. Bowen, 879 F.2d 498, 501 (9th Cir. 1989)). If, however, "the record considered as a whole can reasonably support either affirming or reversing the Commissioner's decision, we must affirm." McCartey v. Massanari, 298 F.3d 1072, 1075 (9th Cir. 2002).

A five-step evaluation process is used to determine whether a claimant is disabled. 20 C.F.R. § 404.1520; see also Parra v. Astrue, 481 F.3d 742, 746 (9th Cir. 2007). The five-step process has been summarized as follows:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.

////

> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
>
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App. 1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
>
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
>
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

Lester v. Chater, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. Bowen v. Yuckert, 482 U.S. 137, 146 n. 5 (1987). The Commissioner bears the burden if the sequential evaluation process proceeds to step five. Id.; Tackett v. Apfel, 180 F.3d 1094, 1098 (9th Cir. 1999).

## APPLICATION

In his pending motion plaintiff argues that the ALJ committed the following two principal errors: (1) the ALJ's treatment of the medical opinion evidence constituted error; and (2) the ALJ's treatment of plaintiff's subjective testimony constituted error. (Pl.'s MSJ (ECF No. 15) at 6-13.[2])

### I. Medical Opinion Evidence

The weight to be given to medical opinions in Social Security disability cases depends in part on whether the opinions are proffered by treating, examining, or nonexamining health professionals. Lester, 81 F.3d at 830; Fair v. Bowen, 885 F.2d 597, 604 (9th Cir. 1989). "As a general rule, more weight should be given to the opinion of a treating source than to the opinion of doctors who do not treat the claimant . . . ." Lester, 81 F.3d at 830. This is so because a treating doctor is employed to cure and has a greater opportunity to know and observe the patient as an individual. Smolen v. Chater, 80 F.3d 1273, 1285 (9th Cir. 1996); Bates v. Sullivan, 894

---

[2] Page number citations such as this one are to the page number reflected on the court's CM/ECF system and not to page numbers assigned by the parties.

4

F.2d 1059, 1063 (9th Cir. 1990).

The uncontradicted opinion of a treating or examining physician may be rejected only for clear and convincing reasons, while the opinion of a treating or examining physician that is controverted by another doctor may be rejected only for specific and legitimate reasons supported by substantial evidence in the record. Lester, 81 F.3d at 830-31. "The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician." (Id. at 831.) Finally, although a treating physician's opinion is generally entitled to significant weight, "'[t]he ALJ need not accept the opinion of any physician, including a treating physician, if that opinion is brief, conclusory, and inadequately supported by clinical findings.'" Chaudhry v. Astrue, 688 F.3d 661, 671 (9th Cir. 2012) (quoting Bray v. Comm'r of Soc. Sec. Admin., 554 F.3d 1219, 1228 (9th Cir. 2009)).

Here, plaintiff challenges the ALJ's treatment of opinions offered by Dr. Les P. Kalman and Dr. Michael Milin.[3]  (Pl.'s MSJ (ECF No. 15) at 6-11.) Dr. Milin examined plaintiff on September 21, 2012 and completed a "comprehensive psychiatric evaluation." (Tr. at 212-18.) The ALJ's decision recounted Dr. Milin's examination and opinion, at length, stating in relevant part:

> . . . Dr. Milin opined that the claimant might exhibit mild to moderate difficulty managing his funds. He can perform simple and repetitive tasks. The claimant is likely to exhibit moderate difficulty in performing detailed and complex tasks. The claimant is likely to exhibit mild difficulty accepting instructions from supervisors. The claimant is likely to exhibit moderate difficulty interacting with co-workers and the public. The claimant is likely to exhibit moderate to marked difficulty in his ability to perform work activities on a consistent basis without special or additional instruction. The claimant is likely to exhibit moderate to marked difficulty in his ability to maintain regular attendance in the workplace and complete a normal workday/workweek without interruptions from a psychiatric condition. He is likely to have moderate to marked difficulties in his ability to deal with the usual stress encountered in the workplace.

(Id. at 20.)

---

[3] Although the court would normally discuss these opinions separately, the ALJ's decision addressed the weight assigned to these opinions together in a single paragraph.

5

The ALJ's decision also discussed Dr. Kalman's opinion, stating in relevant part:

> Les. P. Kalman, M.D. who has treated the claimant since December 24, 2011, completed a Medical Source Statement dated October 10, 2013. Dr. Kalman reported that the claimant's prognosis is guarded and not expected to improve significantly within the next 12 months. The claimant has a fair ability to follow work rules; use judgment; interact with supervisors; function independently; understand, remember, and carry out simple instructions; maintain personal appearance; demonstrate reliability. The claimant has a poor ability to relate to co-workers; deal with public; deal with work stress; maintain attention/concentration; understand, remember, and carry out complex job instructions; understand, remember and carry out detailed but not complex job instructions; behave in an emotionally stable manner; relate predictably in social situations.

(Id. at 21.)

The ALJ gave "some weight" to the opinions of Dr. Kalman and Dr. Milin, "as some aspects are in fact consistent with the residual functional capacity above." (Id.)

> Where an ALJ does not explicitly reject a medical opinion or set forth specific, legitimate reasons for crediting one medical opinion over another, he errs. In other words, an ALJ errs when he rejects a medical opinion or assigns it little weight while doing nothing more than ignoring it, asserting without explanation that another medical opinion is more persuasive, or criticizing it with boilerplate language that fails to offer a substantive basis for his conclusion.

Garrison v. Colvin, 759 F.3d 995, 1012 (9th Cir. 2014) (citation omitted); see also Embrey v. Bowen, 849 F.2d 418, 421-22 (9th Cir. 1988) ("To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity . . . required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct.").

The ALJ's decision went on to state that, with respect to Dr. Milin's opinion that plaintiff would likely exhibit "moderate to marked difficulty in his ability to maintain regular attendance in the workplace and complete a normal workday/workweek without interruptions," that portion of Dr. Milin's opinion was given "less weight." (Id. at 21.) In this regard, the ALJ stated that:

> Dr. Singh and Dr. Warren opined that the claimant is able to sustain the mental demands associated with carrying out simple tasks over the course of routine workday/workweek within acceptable

6

attention, persistence, and pace tolerances.

(Id.)

Dr. Singh and Dr. Warren, however, were nonexamining physicians. (Id. at 20.) "'The opinion of a nonexamining physician cannot by itself constitute substantial evidence that justifies the rejection of the opinion of either an examining physician or a treating physician.'" Hill v. Astrue, 698 F.3d 1153, 1160 (9th Cir. 2012) (quoting Lester, 81 F.3d at 831).

The ALJ's decision goes on to state:

> The claimant has obtained very little treatment with gaps in care. He denies doing any physical activities or socially engaging with others. However, he is able to prepare meals, go shopping, and demonstrated appropriate behavior during the hearings as well as during evaluations.

(Tr. at 21.) It is not, however, clear that the ALJ was asserting that the above were reasons for rejecting the opinions of Dr. Kalman and Dr. Milin.

The court may not speculate as to the ALJ's findings or the basis of the ALJ's unexplained conclusions. See Burrell v. Colvin, 775 F.3d 1133, 1138 (9th Cir. 2014) ("We are constrained to review the reasons the ALJ asserts."); Bray v. Commissioner of Social Security Admin., 554 F.3d 1219, 1225 (9th Cir. 2009) ("Long-standing principles of administrative law require us to review the ALJ's decision based on the reasoning and factual findings offered by the ALJ—not post hoc rationalizations that attempt to intuit what the adjudicator may have been thinking."); Stout v. Comm'r, 454 F.3d 1050, 1054 (9th Cir. 2006) (a reviewing court cannot affirm an ALJ's decision denying benefits on a ground not invoked by the Commissioner).

Nonetheless, even assuming arguendo that ALJ asserted these as reasons for discrediting the opinions of Dr. Kalman or Dr. Milin, the ALJ would have erred. In this regard, the Ninth Circuit has

> . . . particularly criticized the use of a lack of treatment to reject mental complaints both because mental illness is notoriously underreported and because 'it is a questionable practice to chastise one with a mental impairment for the exercise of poor judgment in seeking rehabilitation.'

Regennitter v. Commissioner of Social Sec. Admin., 166 F.3d 1294, 1299-300 (9th Cir. 1999) (quoting Nguyen v. Chater, 100 F.3d 1462, 1465 (9th Cir. 1996)).

Moreover, Dr. Kalman had been treating plaintiff for almost two years at the time of his October 10, 2013 opinion. (Tr. at 257.) That treatment included prescriptions for Ativan, Remeron, and Seroquel. See Johnson v. Colvin, No. ED CV 13-1476-JSL (E), 2014 WL 2586886, at *5 (C.D. Cal. June 7, 2014) ("Courts specifically have recognized that the prescription of . . . Seroquel connotes mental health treatment which is not 'conservative,' within the meaning of social security jurisprudence.").

With respect to plaintiff's ability to prepare meals, go shopping, and display appropriate behavior during his hearing and evaluations:

> The critical differences between activities of daily living and activities in a full-time job are that a person has more flexibility in scheduling the former than the latter, can get help from other persons . . . and is not held to a minimum standard of performance, as she would be by an employer. The failure to recognize these differences is a recurrent, and deplorable, feature of opinions by administrative law judges in social security disability cases.

Bjornson v. Astrue, 671 F.3d 640, 647 (7th Cir. 2012); see also Garrison, 759 F.3d at 1016 ("The ability to talk on the phone, prepare meals once or twice a day, occasionally clean one's room, and, with significant assistance, care for one's daughter, all while taking frequent hours-long rests, avoiding any heavy lifting, and lying in bed most of the day, is consistent with the pain that Garrison described in her testimony. It is also consistent with an inability to function in a workplace environment.").

For the reasons stated above, the court finds that the ALJ failed to provide specific and legitimate reasons supported by substantial evidence in the record for rejecting the opinions of Dr. Kalman and Dr. Milin. Accordingly, plaintiff is entitled to summary judgment on his claim that the ALJ's treatment of the medical opinion evidence constituted error.

**II.    Subjective Testimony**

Plaintiff also argues that the ALJ's treatment of plaintiff's subjective testimony constituted error. (Pl.'s MSJ (ECF No. 15) at 11-13.)

The Ninth Circuit has summarized the ALJ's task with respect to assessing a claimant's credibility as follows:

////

> To determine whether a claimant's testimony regarding subjective pain or symptoms is credible, an ALJ must engage in a two-step analysis. First, the ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged. The claimant, however, need not show that her impairment could reasonably be expected to cause the severity of the symptom she has alleged; she need only show that it could reasonably have caused some degree of the symptom. Thus, the ALJ may not reject subjective symptom testimony . . . simply because there is no showing that the impairment can reasonably produce the degree of symptom alleged.
>
> Second, if the claimant meets this first test, and there is no evidence of malingering, the ALJ can reject the claimant's testimony about the severity of her symptoms only by offering specific, clear and convincing reasons for doing so . . . .

Lingenfelter v. Astrue, 504 F.3d 1028, 1035-36 (9th Cir. 2007) (citations and quotation marks omitted). "The clear and convincing standard is the most demanding required in Social Security cases." Moore v. Commissioner of Social Sec. Admin., 278 F.3d 920, 924 (9th Cir. 2002). "At the same time, the ALJ is not required to believe every allegation of disabling pain, or else disability benefits would be available for the asking . . . ." Molina v. Astrue, 674 F.3d 1104, 1112 (9th Cir. 2012).

"The ALJ must specifically identify what testimony is credible and what testimony undermines the claimant's complaints." Valentine v. Commissioner Social Sec. Admin., 574 F.3d 685, 693 (9th Cir. 2009) (quoting Morgan v. Comm'r of Soc. Sec. Admin., 169 F.3d 595, 599 (9th Cir. 1999)). In weighing a claimant's credibility, an ALJ may consider, among other things, the "[claimant's] reputation for truthfulness, inconsistencies either in [claimant's] testimony or between [her] testimony and [her] conduct, [claimant's] daily activities, [her] work record, and testimony from physicians and third parties concerning the nature, severity, and effect of the symptoms of which [claimant] complains." Thomas v. Barnhart, 278 F.3d 947, 958-59 (9th Cir. 2002) (modification in original) (quoting Light v. Soc. Sec. Admin., 119 F.3d 789, 792 (9th Cir. 1997)). If the ALJ's credibility finding is supported by substantial evidence in the record, the court "may not engage in second-guessing." Id.

////

////

Here, the ALJ found that plaintiff's mental impairments "could reasonably be expected to cause limitations," but that "the degree of symptoms and limitations alleged" by plaintiff were "not consistent with the objective medical evidence regarding these impairments." (Tr. at 20.) The ALJ's decision, however, then failed to discuss any specific objective evidence that was inconsistent with plaintiff's alleged limitations.

Moreover, "after a claimant produces objective medical evidence of an underlying impairment, an ALJ may not reject a claimant's subjective complaints based solely on a lack of medical evidence to fully corroborate the alleged severity" of the symptoms. Burch v. Barnhart, 400 F.3d 676, 680 (9th Cir. 2005); see also Putz v. Astrue, 371 Fed. Appx. 801, 802-03 (9th Cir. 2010) ("Putz need not present objective medical evidence to demonstrate the severity of her fatigue."); Bunnell v. Sullivan, 947 F.2d 341, 347 (9th Cir. 1991) ("If an adjudicator could reject a claim for disability simply because a claimant fails to produce medical evidence supporting the severity of the pain, there would be no reason for an adjudicator to consider anything other than medical findings.").

The ALJ's decision then recounted plaintiff's testimony concerning his daily activities at length before stating:

> The claimant was able to participate in the hearing closely and fully without being distracted. While the hearing was short-lived and cannot be considered a conclusive indicator of the claimant's overall severity, the apparent ability to concentrate during the hearing is given some slight weight in reaching the conclusion regarding the credibility of the claimant's allegations and the claimant's residual functional capacity.

(Id.) The ALJ's decision then returned to a discussion of plaintiff's ability to drive and walk. (Id.)

An ALJ may rely on personal observations of a claimant as part of a credibility determination if other evidence in the record supports the determination. Nyman v. Heckler, 779 F.2d 528, 531 (9th Cir. 1985) ("The inclusion of the ALJ's personal observations does not render the decision improper"); Drouin v. Sullivan, 966 F.2d 1255, 1258-59 (9th Cir. 1992) (observations of ALJ during the hearing, along with other evidence, is substantial evidence for rejecting testimony).

However, "[t]he ALJ's observations of a claimant's functioning may not form the sole basis for discrediting a person's testimony." Orn v. Astrue, 495 F.3d 625, 639 (9th Cir. 2007); see also Perminter v. Heckler, 765 F.2d 870, 872 (9th Cir. 1985) ("Denial of benefits cannot be based on the ALJ's observation of Perminter, when Perminter's statements to the contrary, as here, are supported by objective evidence."); Gallant v. Heckler, 753 F.2d 1450, 1455 (9th Cir. 1984) ("The fact that a claimant does not exhibit physical manifestations of prolonged pain at the hearing provides little, if any, support for the ALJ's ultimate conclusion that the claimant is not disabled or that his allegations of constant pain are not credible.").

To the extent the ALJ's discussion of plaintiff's activities of daily living was intended to be a basis for rejecting plaintiff's testimony, the court finds that basis to be an error for the same reasons discussed above in addressing the ALJ's treatment of the medical opinion evidence. See also Orn, 495 F.3d at 639 ("This court has repeatedly asserted that the mere fact that a plaintiff has carried on certain daily activities does not in any way detract from her credibility as to her overall disability."); Reddick v. Chater, 157 F.3d 715, 722 (9th Cir. 1998) ("disability claimants should not be penalized for attempting to lead normal lives in the face of their limitations"); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987) ("Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity.").

For the reasons stated above, the court finds that the ALJ failed to offer specific, clear, and convincing reasons for rejecting plaintiff's testimony. Accordingly, plaintiff is also entitled to summary judgment on his claim that the ALJ's treatment of his subjective testimony constituted error.

## CONCLUSION

With error established, the court has the discretion to remand or reverse and award benefits. McAllister v. Sullivan, 888 F.2d 599, 603 (9th Cir. 1989). A case may be remanded under the "credit-as-true" rule for an award of benefits where:

////

////

////

>(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand.

Garrison, 759 F.3d at 1020.  Even where all the conditions for the "credit-as-true" rule are met, the court retains "flexibility to remand for further proceedings when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act."  Id. at 1021; see also Dominguez v. Colvin, 808 F.3d 403, 407 (9th Cir. 2015) ("Unless the district court concludes that further administrative proceedings would serve no useful purpose, it may not remand with a direction to provide benefits."); Treichler v. Commissioner of Social Sec. Admin., 775 F.3d 1090, 1105 (9th Cir. 2014) ("Where . . . an ALJ makes a legal error, but the record is uncertain and ambiguous, the proper approach is to remand the case to the agency.").

Here, although the ALJ's decision contains several significant errors, it is also true the opinion of the treating physician and examining physician differ in several important respects. Those opinions, along with the plaintiff's testimony, must be properly evaluated and considered in formulating plaintiff's residual functional capacity.  In this regard, the court cannot say that further administrative proceedings would serve no useful purpose.

Accordingly, IT IS HEREBY ORDERED that:

1. Plaintiff's motion for summary judgment (ECF No. 15) is granted;

2. Defendant's cross-motion for summary judgment (ECF No. 16) is denied;

3. The Commissioner's decision is reversed;

4. This matter is remanded for further proceedings consistent with this order; and

5. The Clerk of the Court shall enter judgment for plaintiff, and close this case.

Dated:  March 7, 2017

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DLB:6
DB\orders\orders.soc sec\ros2389.ord